IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ARCHIE TILGHMAN,                )
                                )
        Petitioner,              )
                                )
    v.                           )   CV 111-108
                                )
BRUCE CHATMAN,[1] Warden, et al., )
                                )
        Respondents.             )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on a "Motion to Dismiss ... Improper Party Respondents" by Respondents Olens and Morelli, as well as a "Motion to Dismiss Petition as Untimely" by Respondent Chatman. (Doc. nos. 8, 9.) Petitioner responded to the latter of these motions with a pair of filings, both of which are titled "Motion to Deny Respondent's Motion to Dismiss . . . ." (Doc. nos. 13, 15.) Also before the Court are various motions by Petitioner, including a "Motion to Amend Writ" (doc. no. 5), two requests for a ruling on the motion to amend (doc. nos. 19, 20), two "Motion[s] to Vacate the Lower Trial Court Judgment" (doc. nos. 11, 17), and a "Motion to Dismiss for

---

[1] The answer to the instant petition clarifies that the correct spelling of surname of the Warden named as a Respondent in this case is "Chatman" rather than "Chapman." (Doc. no. 7.) The **CLERK** is **DIRECTED** to modify the docket accordingly.

Lack of Jurisdictional Venue . . ." (doc. no. 23). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondents' motions be **GRANTED**, that Petitioner's motions requesting a ruling on the motion to amend be **DENIED AS MOOT**, that Petitioner's remaining motions be **DENIED**, that Respondents Olens and Morelli be **DISMISSED** from this case, that this petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent Chatman.

## I. BACKGROUND

A Richmond County grand jury indicted Petitioner for several offenses in March of 1998, and on September 14, 1998, Petitioner pled guilty but mentally ill to charges of armed robbery, kidnapping, and hijacking a motor vehicle. (Doc. no. 10, Ex. 5, pp. 19-23.) Petitioner was sentenced to a 20 year term of imprisonment for each offense, with all terms to run concurrently. (Id.) Petitioner did not file a direct appeal within the 30-day time limit provided for by state law. Petitioner reports that he unsuccessfully attempted to file a direct appeal at a later time. (See doc. no 1, p. 4.)

On July 27, 2010, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Mitchell County. (Id., Ex. 1.) On December 28, 2010, the petition was dismissed by the state habeas court as untimely. (Id., Ex. 2.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on July 11, 2011. (Id., Ex. 4.)

Petitioner executed the instant § 2254 petition on August 12, 2011. (Doc. no. 1.) The petition sets forth four claims; in each claim, Petitioner argues that his guilty pleas were not entered knowingly, intelligently, and voluntarily. (Id. at 6.) Thereafter, Petitioner filed his

motion to amend, in which he seeks to add another claim related to the voluntariness of his guilty pleas, as well as claims that the trial court erred by failing to hold a hearing regarding Petitioner's mental capacity and that his trial counsel provided ineffective assistance by failing to object to the errors alleged in his other claims. (See doc. no. 5; doc. no. 6, p. 6 (proposed amended petition).)

Respondents Olens and Morelli contend that they should be dismissed from this action because they are not Plaintiff's custodians and therefore are not proper Respondents. (See doc. no. 9-1.) Petitioner did not respond to this motion; therefore, it is deemed unopposed. See Loc. R. 7.5. Respondent Chatman argues that the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 7.) Petitioner opposes Respondent Chatman's motion, asserting that the "untimely principle is inapplicable under § 2244(b)(2)(A) because there is no toll." (Doc. nos. 13, 15.) The Court resolves the matter as follows.

## II. DISCUSSION

### A. Attorney General Olens and Assistant Attorney General Morelli Are Not Proper Respondents

Petitioner has named three Respondents in this case: Respondent Chatman, the Warden of the prison where Petitioner is incarcerated, as well as Georgia Attorney General Samuel S. Olens and Assistant Attorney General Amy E. Morelli. However, as they argue in their motion to dismiss (see doc. no. 9-1), the latter two individuals are improper Respondents and should be dismissed from this action.

Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege

3

the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state attorney general is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Chatman is the only proper Respondent. The motion to dismiss by Attorney General Olens and Assistant Attorney General Morelli should therefore be granted (doc. no. 9), and they should be dismissed from this case.

### B. The Instant Petition Should Be Dismissed as Time-Barred

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part,

4

28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### 1. Finality of Petitioner's Conviction

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not initially file an appeal following his September 14, 1998 convictions, those convictions became "final" when the thirty (30) day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). The finality of these convictions triggered the one-year statute of limitations for each

5

conviction. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's convictions became final in October of 1998.

### 2. Application of the Statute of Limitations

As noted above, under the AEDPA, Petitioner had one year from October of 1998 to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Here, Petitioner waited over a decade after his convictions became final before filing his state habeas petition. Therefore, by the time Petitioner filed his state habeas petition, the one-year statue of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

Petitioner misses the mark with his assertion that the "untimely principle is inapplicable under § 2244(b)(2)(A)" (see doc. nos. 13, 15), as that provision concerns limitations on filing second or successive § 2254 applications. Petitioner also cites to Pryor

v. United States, 278 F.3d 612 (6th Cir. 2002). However, that case is inapposite in that, unlike the instant petition, it involved a situation in which a Supreme Court decision rendered a decision after the petitioner's conviction providing a potential basis for habeas relief. See id. at 614-15. Moreover, Pryor was overruled by the Supreme Court in Dodd v. United States, 545 U.S. 353 (2005).

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). As explained above, Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the Court concludes that there is no basis for statutory tolling of the AEDPA's one-year statute of limitations.

### 3. Equitable Tolling and Actual Innocence

Similarly, Petitioner is not entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United

States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner has not provided any explanation for the tardiness of his federal petition sufficient to satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses to which he pled guilty such that no reasonable juror would have

convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations. Therefore, Respondent Chatman's motion to dismiss the instant § 2254 petition as untimely should be granted, and Petitioner's motions to deny Respondent Chatman's motion should be denied.

### C. Pending Motions

#### 1. Motion to Amend and Related Motions

As noted above, in his motion to amend, Petitioner seeks to add claims that his guilty pleas were not knowingly and voluntarily entered, that the trial court erred by failing to hold a hearing regarding Petitioner's mental capacity, and that his trial counsel provided ineffective assistance by the errors alleged in his other claims. (Doc. no. 5.)

As a general rule, leave to amend under Rule 15(a)[2] is given freely.[3] Foman v. Davis,

---

[2]Both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions, which are highly analogous to § 2254 petitions with respect to procedural matters such as amending pleadings. See Mayle v. Felix, 545 U.S. 644, 654 (2005); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001) (*per curiam*); see also Gilbert v. United States, 640 F.3d 1293, 1317 (11th Cir. 2011) (*en banc*) (noting similarity between § 2254 and § 2255 proceedings).

[3]Notably, when a party files a motion to amend instead of amending as a matter of course, it is within a court's discretion to review the motion to determine whether the

9

371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. Unit A July 1981).[4] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182). A motion to amend that seeks to add new claims is properly denied as futile when the claims are without merit or cannot form the basis for cognizable relief. See Coventry First, LLC, 605 F.3d at 870 ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Here, Petitioner's proposed amendment is futile because the addition of his new proposed claims would not change the fact that his petition is untimely, as explained above. See supra Part II.B. None of the new proposed claims would entitle Petitioner to statutory or equitable tolling; nor do they change the fact that Petitioner has not presented any arguments sufficient to support a claim of actual innocence. Therefore, Petitioner's proposed

---

proposed amendment should be allowed. Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010). Moreover, were the Court to construe his motion to amend as an amendment as a matter or course, his amended petition would be subject to dismissal for untimeliness for the same reasons set forth in the Court's futility analysis below.

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

amendment is futile, see Coventry First, LLC, 605 F.3d at 870, and his motion to amend should be denied.[5] (Doc. no. 5.)

### 2. Remaining Motions

Also before the Court are Petitioners' "Motion[s] to Vacate the Lower Trial Court Judgment" (doc. nos. 11, 17) and his "Motion to Dismiss for Lack of Jurisdictional Venue . . ." (doc. no. 23). In the first two motions, Petitioner simply reasserts the claim from his § 2254 petition that his guilty pleas were not knowing, intelligent, and voluntary; as a result, he asks the Court to vacate his convictions. (See doc. nos. 11, 17.) Because the instant petition is untimely for the reasons discussed above, see supra Part II.B, Petitioner is not entitled to relief on his habeas corpus claims. Petitioner may not avoid this result by reasserting his substantive habeas claims in the form of a motion. Therefore, these motions should be denied.

In his "Motion to Dismiss for Lack of Jurisdictional Venue . . . ," Petitioner "moves to dismiss action of the Respondent," asserting that Respondent Chatman "sent [his answer] to the wrong divisional court." (Doc. no. 23, p. 1.) Petitioner apparently seeks for the Court to strike Respondent Chatman's answer because its caption incorrectly refers to the Savannah Division of the Southern District of Georgia rather than the Augusta Division. This argument is without merit, as a scrivener's error in the caption of the answer provides no basis for striking the document. In any event, striking the answer would not entitle Petitioner to prevail on his habeas claims; for obvious reasons, "default judgment is not contemplated

---

[5] In light of the Court's recommendation as to Petitioner's motion to amend, his requests for a ruling on his motion to amend should be **DENIED AS MOOT**. (Doc. nos. 19, 20.)

in habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Therefore, this motion should also be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondents' motions to dismiss be **GRANTED** (doc. nos. 8, 9); that Petitioner's "Motion[s] to Deny Respondent's Motion to Dismiss . . . ," motion to amend, "Motion[s] to Vacate the Lower Trial Court Judgment," and "Motion to Dismiss for Lack of Jurisdictional Venue . . ." be **DENIED** (doc. nos. 5, 11, 13, 15, 17, 23); and that Petitioner's motions requesting a ruling on his motion to amend be **DENIED AS MOOT** (doc. nos. 19, 20). As a result, the Court further **RECOMMENDS** that Respondents Olens and Morelli be **DISMISSED** from this case, that the instant § 2254 petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent Chatman.

SO REPORTED and RECOMMENDED this 28th day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE